**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSHUA B. WANKOVSKY, | ) |
| Plaintiff, | ) `FILED: APRIL 3, 2009` |
| | ) `09CV2063` |
| vs. | ) `JUDGE SHADUR` |
| | ) `MAGISTRATE JUDGE ASHMAN` |
| FIRST REVENUE ASSURANCE, LLC, | ) `CH` |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.     Plaintiff Joshua B. Wankovsky brings this action to secure redress from unlawful credit and collection practices engaged in by defendant First Revenue Assurance, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.     The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4.　　This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5.　　Venue and personal jurisdiction in this District are proper because:

a.　　Defendant's collection communications were received by plaintiff within this District;

b.　　Defendant does or transacts business within this District.

## PARTIES

6.　　Plaintiff Joshua B. Wankovsky is an individual who resides in the Northern District of Illinois.

7.　　Defendant First Revenue Assurance, LLC is a limited liability company organized under Delaware law with offices in Colorado. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8.　　First Revenue Assurance, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

9.　　First Revenue Assurance, LLC is a debt collector as defined in the FDCPA.

## FACTS

10.　　In 2008, plaintiff filed a bankruptcy petition in the Northern District of Illinois, 08-11481.

11.　　Plaintiff was represented by counsel in the bankruptcy.

12.　　Among the debts scheduled and discharged was a credit card debt owed to Chase, incurred for personal, family or household purposes and not for business purposes.

13.　　The debt was discharged on Oct. 14, 2008.

14.　　On or about Feb. 19, 2009, defendant sent plaintiff the collection letter

2

attached as <u>Exhibit A</u>, seeking to collect the Chase debt.

15.     Upon receipt, plaintiff contacted defendant and notified it that the debt had been discharged and was no longer valid.

16.     Defendant's representatives stated that plaintiff still had to pay the debt and continued calling plaintiff to demand payment thereafter, including calls on March 10 and March 13, 2009.

17.     On information and belief, it is defendant's policy to attempt to collect discharged debts.  Defendant has a "Record a Bankruptcy" feature on its Web site (<u>Exhibit B</u>), which represents that it will not "process" a report of a bankruptcy unless the putative debtor provides day and evening telephone numbers, the "best time to call," and the case number, chapter, location of the court, and filing date.

18.     This information is unnecessary; defendant should have sufficient information retrievable using the account number assigned by defendant to plaintiff to identify any bankruptcy filing anywhere in the United States.  The form appears contrived to either deter putative debtors from informing defendant of a bankruptcy without consulting counsel, or allowing defendant to contact persons who have discharged their debts in bankruptcy.

19.     Plaintiff was harassed and inconvenienced and was required to retain counsel as a result of defendant's contacts.

## <u>COUNT I – FDCPA</u>

20.     Plaintiff incorporates paragraphs 1-19.

21.     Defendant violated 15 U.S.C. §§1692c, 1692e and 1692g, by continuing to contact plaintiff, by misrepresenting to plaintiff that he still owed the debt, and by continuing collection activity without verifying the debt when plaintiff disputed it in writing within 30 days after receipt of <u>Exhibit A</u>.

22.     Section 1692c provides:

**§ 1692c.          Communication in connection with debt collection**

3

**[Section 805 of P.L.]**

**(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt– . . .**

> **(2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

23.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

> **(2)     The false representation of--**
>
> > **(A)     the character, amount, or legal status of any debt; . . .**
>
> **(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

24.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendant for:

        (1)       Statutory and actual damages;

       (2)      Attorney's fees, litigation expenses and costs of suit;

       (3)      Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

25.     Plaintiff incorporates paragraphs 1-19.

26.     Defendant is a "collection agency" as defined in the ICAA.

27.     Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**(26) Misrepresenting the amount of the claim or debt alleged to be owed. . . .**

28.     Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**

**Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances: . . .**

    **(2) If the debt collector or collection agency knows the debtor is represented by an attorney with respect to such debt and has knowledge of or can readily ascertain, the attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or collection agency or unless the attorney consents to direct communication with the debtor. . . .**

29.     Defendant violated the following provisions of 225 ILCS 425/9.3:

**225 ILCS 425/9.3. (Effective January 1, 2008) Validation of debts**

**Sec. 9.3. (a) Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a debt collector or collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the following disclosures:**

    **(1) The amount of the debt.**

    **(2) The name of the creditor to whom the debt is owed.**

6

**(3) That, unless the debtor, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector or collection agency.**

**(4) That, if the debtor notifies the debt collector or collection agency in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector or collection agency will obtain verification of the debt or a copy of a judgment against the debtor and a copy of the verification or judgment will be mailed to the debtor by the debt collector or collection agency.**

**(5) That upon the debtor's written request within the 30-day period, the debt collector or collection agency will provide the debtor with the name and address of the original creditor, if different from the current creditor. If the disclosures required under this subsection (a) are placed on the back of the notice, the front of the notice shall contain a statement notifying debtors of that fact.**

**(b) If the debtor notifies the debt collector or collection agency in writing within the 30-day period set forth in paragraph (3) of subsection (a) of this Section that the debt, or any portion thereof, is disputed or that the debtor requests the name and address of the original creditor, the debt collector or collection agency shall cease collection of the debt, or any disputed portion thereof, until the debt collector or collection agency obtains verification of the debt or a copy of a judgment or the name and address of the original creditor and mails a copy of the verification or judgment or name and address of the original creditor to the debtor.**

**(c) The failure of a debtor to dispute the validity of a debt under this Section shall not be construed by any court as an admission of liability by the debtor.**

30.     A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

31.     Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff  and against defendant:

a.     Compensatory and punitive damages;

b.     Costs.

c.     Such other and further relief as is appropriate.

                                                  s/Daniel A. Edelman
                                                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\22688\Pleading\Complaint_Pleading.wpd

## **VERIFICATION**

       Joshua B. Wankovsky declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true.

_____
Joshua B. Wankovsky

9

## NOTICE OF LIEN AND ASSIGNMENT

   Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


           <u>s/Daniel A. Edelman</u>
           Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

10